IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Sheree Pinckney<br>　　Debtor, | BANKRUPTCY CASE NUMBER<br>24-12034-djb |
| Midwest Loan Services as servicer for<br>American Heritage Federal Credit Union<br>　　Movant.<br>v. | CHAPTER 13<br><br>11 U.S.C. § 362 |
| Sheree Pinckney<br>　　Debtor/Respondent, | Hearing Date and Time: November 20, 2025 at 11:00am |
| Mallory J. Pinckney<br>　　(Non-filing Co-Debtor), | Courtroom #2 |
| Kenneth E. West, Office of the Chapter 13<br>Standing Trustee, Trustee<br>　　Additional Respondent. | |

## MOTION OF MIDWEST LOAN SERVICES AS SERVICER FOR AMERICAN HERITAGE FEDERAL CREDIT UNION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY UNDER SECTION §362 (d) AND §1301

　　Secured Creditor, Midwest Loan Services as servicer for American Heritage Federal Credit Union ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. §362 and §1301, hereby seeks relief from the automatic stay and co-debtor stay to exercise and enforce its rights, without limitation, with respect to certain real property.  In support of this motion, Movant avers as follows:

　　1.　　Debtor named above filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Eastern District of Pennsylvania under the above case number.

　　2.　　Movant is the holder of a secured claim against Debtor and Mallory J. Pinckney ("Non-filing Co-Debtor"), secured only by a first mortgage lien on real estate which is the principal residence of Debtor located at 7806 Haines Road, Cheltenham, PA 19012 (the "Mortgaged Premises").

　　3.　　Midwest Loan Services as servicer for American Heritage Federal Credit Union services the loan on the property referenced in this motion for relief.  In the event the automatic stay in this case is modified, this case dismisses and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of American Heritage Federal Credit Union.

4.    Midwest Loan Services as servicer for American Heritage Federal Credit Union, directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly indorsed in blank. Noteholder is the original mortgagee, or beneficiary, or the assignee of the security instrument for the referenced loan.

5.    The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings by Movant to foreclose on the Mortgaged Premises. Movant requests relief from the automatic stay to continue with the filed mortgage foreclosure action, if any, and to take the necessary action to obtain the Mortgaged Premises.

6.    Additional Respondent is the Standing Trustee appointed in this Chapter 13 proceeding.

7.    Debtor has claimed an exemption in the amount of $27,900.00 in the subject property.

8.    Debtor has failed to make all post-petition monthly mortgage payments.

9.    As of October 1, 2025, the defaults include the failure to make the following monthly payments:

| | |
|---|---:|
| Payments of $2,205.43 from June 1, 2025 through October 1, 2025 | $11,027.15 |
| Suspense Balance | $(1,000.00) |
| The total amount due | $10,027.15 |

10.    The Fair Market Value of the Mortgaged Premises is $417,690.00, as per Debtor Schedules. Movant reserves the right to secure an independent appraisal of the property. The approximate amount necessary to payoff the loan is $200,270.46 as of October 1, 2025. The breakdown of the payoff is as follows:

| | |
|---|---:|
| Principal Balance | $191,756.27 |
| Accrued Interest | $3,235.86 |
| Escrow Advance | $4,597.41 |
| Suspense Balance | ($1,000.00) |
| Accumulated Late Charges | $523.92 |
| NSF | $150.00 |
| Recoverable Balance | $1,000.00 |

11.    Movant's interests are being immediately and irreparably harmed. Movant is entitled to relief, from the automatic stay, pursuant to either 11 U.S.C. § 362 (d)(1) or (d)(2), because of the foregoing default and because:

    a)    Movant lacks adequate protection for its interests in the Mortgaged Premises by the tender of monthly payments, including amounts for escrow (taxes and insurance);

    b)    Debtor is decreasing the equity in the Mortgaged Premises by failing to tender of monthly payments, including amounts for escrow (taxes and insurance); and

    c)    The Mortgaged Premises are not necessary to an effective reorganization or plan.

12. Movant additionally seeks relief from the Co-Debtor stay under §1301 (if applicable) in the instant case, as the continuation of the co-debtor stay causes irreparable harm to the Movant. Movant may be barred from moving forward with its state court rights under the terms of the mortgage without relief from the co-debtor stay.

13. Movant requests that the Court waive Rule 4001(a)(4), permitting Movant to immediately implement and enforce the Court's order.

14. Attached are Movant's Affidavit in support of this Motion, as well as redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary.

Respectfully submitted,

Dated: 10/20/2025

BY: /s/ Christopher A. DeNardo
Christopher A. DeNardo, 78447
Heather Riloff, 309906
Leslie J. Rase, 58365
LOGS Legal Group LLP
985 Old Eagle School Road, Suite 514
Wayne, PA 19087
(610) 278-6800
logsecf@logs.com